Hazel R. Batson, Appellee, v. Herbert M. Batson, Appellant.

Gen. No. 8,258.

Opinion filed September 4, 1931.

FRANK T. JORDAN, for appellant.

HADLEY & WEAVER, for appellee.

MR. JUSTICE JETT delivered the opinion of the court.

The record discloses that on the 26th day of May, 1930, Hazel R. Batson, appellee, filed a verified bill of complaint in the circuit court of DuPage county against Herbert M. Batson, appellant, praying that he be required to furnish her separate maintenance and support. Appellee alleged in her bill that on or about the first day of January, 1920, she and appellant were married at Extor, England, and they lived as husband and wife until on or about the 16th day of March, 1930, when the appellant without any reasonable or just cause deserted her in DuPage county; that she first

met the appellant in France when he was a major in the British army; that she owned 490 acres of land in Logan county, Illinois, worth about $200,000, subject to a mortgage; that the appellant advised appellee to sell her property and to bring the proceeds to England, where he could invest it, and they would be able to live on the income; that appellee returned to the United States but found that she could not readily dispose of her farm land although she was receiving an income of about $8,000 a year; that after said marriage appellant withdrew from the British army for the purpose of coming to the United States to enable appellee to sell her property and to turn the proceeds over to him for investment; that upon their arrival in the United States they found farm lands were depreciating in value and they were unable to sell the same; that appellee turned over to the appellant all the income from the said farm and they lived upon that until he finally obtained a position in a Chicago trust company at a salary of $75 a month; that the said appellant is a man of ability and of judgment and obtained increases in salary until at the time of the filing of the bill in this cause he was assistant vice president of the National Bank of the Republic at a large salary; the exact amount is unknown to appellee, but she is informed and believes his salary to be not less than $7,500 a year and that he has drawn a salary of substantially that amount for the past several years; that the appellee's farm land depreciated in value and acting on the advice of the appellant she deeded it to the bank that held the mortgage; that upon the execution of the deed there became a marked change in the attitude of the appellant towards appellee and he then began a course of unkind, cruel and cold indifference to her; that in the fall of 1929 he went to England on a visit and upon his return he advised appellee he would no longer live with her but that she must permit him to

obtain a divorce because that was the way it was done in England and it would be too much of a disgrace for him to allow her to obtain a divorce; this she refused to do and appellant thereupon threatened to leave appellee and never contribute to her support unless she would permit him to get a divorce. The appellant, accordingly, on the said 16th day of March, 1930, abandoned appellee and refused to live with her without fault on her part; that appellee has no property of any kind or character; that she has been for years sickly and unable to earn a livelihood; that the said appellant has failed and refused to make contributions towards her support and she was relying upon the charity of friends to provide her with funds; that appellant purchased certain premises in the village of Glen Ellyn which were occupied by appellee and appellant as a home when they lived together and the said appellant has been endeavoring to force her to vacate said premises.

The record further discloses that a summons was issued on the 26th day of May, 1930, and was returned on the 9th day of June, 1930, reciting that the appellant was not found. An alias summons was issued returnable at the October Term. The alias summons was served upon the appellant on the 13th day of June, 1930. On the 15th day of July, 1930, appellee served notice upon the appellant and his solicitor that on the 18th day of July, 1930, she would appear before the circuit court and ask for an order for temporary alimony. On the 18th day of July, 1930, appellant and appellee appeared before the circuit court and appellee filed her verified petition for temporary alimony which petition set forth that the appellant had no property of her own except personal effects and her interest in the premises described in the bill of complaint, and that the appellant had failed to pay or to give her any money since he deserted her on the

16th day of March, 1930; that at the time appellant deserted her she had the sum of $315 all of which had been expended except the sum of $150 which she was retaining to apply upon obligations already incurred, and that she was the object of charity of friends and relatives; that she had incurred grocery bills, telephone bills and various and sundry other bills for living expenses since the appellant deserted her and that on or about the first day of January, 1930, when the appellant first urged her to grant him a divorce, he offered to furnish her with a home and 20 per cent of his income and to furnish life insurance but because of her great love for said appellant she refused to consent to a divorce and he threatened that if she would not give him a divorce he would leave her and never make any contribution towards her support until she would consent to a divorce; that she was advised when she filed the bill for separate maintenance that the appellant was receiving about $7,500 a year and since that time she had been informed he was earning between $8,000 and $10,000 a year and receiving in addition thereto certain bonuses; that the appellant had told her he had purchased certain stock and bonds of the value of about $20,000 but had sold and assigned his interest in them; that she has no money or funds with which to employ counsel to prosecute said suit.

On the said 18th day of July, 1930, appellee filed an affidavit setting up substantially the same facts as were found in her petition.

To the petition the appellant appeared and filed what purports to be an objection to the jurisdiction of the court. It is urged that since he was summoned to appear on the first day of the October Term 1930, the court did not have jurisdiction to hear the motion for temporary alimony prior to the said October Term of court.

The chancellor on overruling the objections of the appellant heard the motion of appellee and entered an order on the said appellant decreeing that he pay to appellee the sum of $50 per week until the further order of the court, and this appeal followed.

The appellant has overlooked the provisions of the statute that is the basis for the proceeding by appellee. Cahill's St. ch. 68, ¶ 22; paragraph 22, ch. 68, Smith-Hurd Rev. St. 1929, provides as follows: "That married women who, without their fault, now live or hereafter may live separate and apart from their husbands, may have their remedy in equity, in their own names respectively, against their said husbands in the Circuit Court of the county where the husband resides, for a reasonable support and maintenance while they so live or have so lived separate and apart; and in determining the amount to be allowed the court shall have reference to the condition in life of the parties at the place of residence of the husband, and the circumstances of the respective cases; and the court at any time, after service of summons and proper notice to the husband, may make such allowance of temporary alimony, attorney's fees, and suit money as may appear just and equitable, as in cases of divorce; the court may, however, in its discretion, reserve the question of the allowance of attorney's fees and suit money until the final hearing of the case, and may then make such order with reference thereto as may seem just and equitable, regardless of the disposition of the case."

As we have already seen, the bill was filed on the 26th day of May, 1930, to the June Term of the circuit court. Service was not obtained. An alias summons was issued on the 9th day of June, 1930, which was served on the appellant on the 13th day of June, 1930. This was not returnable until the first Monday in October, 1930. Notice of the presentation of the peti-

tion for temporary alimony was served upon appellant, notifying him that on the 18th day of July, 1930, appellee would appear before the circuit court and ask for an order for temporary alimony. It was to meet a situation as is presented by the bill, petition and affidavit in this cause, that the legislature enacted the statute hereinabove quoted giving to the court the power to enter an order for temporary alimony. It is disclosed by the record that the bill had been filed, service had, notice given of the intended application, and that the appellant appeared and did not seek to avail himself of the opportunity of making a defense upon the merits of the cause. He did not deny the allegations in the bill of complaint, petition or affidavit as to his property holdings and earning capacity. The filing of the bill constituted a cause pending, and the court, upon the filing of the same had jurisdiction of the subject matter, and upon the service of the summons the court had jurisdiction of the person of the appellant. It is true this jurisdiction for certain purposes could not be exercised until the October Term, but by reason of the provisions of the statute above cited the court had jurisdiction for other purposes as is contemplated by the petition in this cause, as soon as the summons had been served and proper notice given. It therefore follows that the court had jurisdiction of the appellant for the purpose of entering the order in question regardless of whether the appellant had entered a general or special appearance. The court had jurisdiction of the subject matter as well as of the person of the appellant and had full authority to enter the order in question. Furthermore, the provisions of the statute itself are declaratory of the general equity powers of a court of equity. The power to allow temporary alimony is necessarily included in the jurisdiction over the subject matter of separate maintenance and support. Separate mainte-

nance is the main object of this proceeding. The duty of the husband to support his wife is a continuing one. As soon as the appellant was served with summons and notice given the court had jurisdiction to hear and to require him upon a proper showing to support his wife in keeping with his ability, her need and their condition in life. It appears from the record the bill and petition were filed in good faith, and by reason of the showing made the court had jurisdiction and was authorized under the law to enter the order of which the appellant complains.

It will be remembered that there is no objection made other than to the jurisdiction of the court.

We conclude, therefore, that the order entered by the circuit court of DuPage county should be affirmed, which is accordingly done.

*Order and decree affirmed.*